IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL EARL SMITH, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:19-cv-00182-S (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Michael Earl Smith, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should dismiss the petition, as amended, as barred by limitations.

I.

By his petition, Smith challenges his conviction by a jury and sentence for enhanced theft in Dallas County Criminal District Court No. 5. The court sentenced Smith to 30 years' confinement on July 9, 2014. Smith appealed his conviction, but it was affirmed on June 28, 2016. *Smith v. State*, No. 05-14-01280-CR, 2016 WL 3611546 (Tex. App.—Dallas 2016, no pet.). He did not file a petition for discretionary review, and the mandate issued on September 7, 2016.

Smith subsequently filed two state applications for habeas corpus relief. The first state habeas application, filed on August 17, 2016, was dismissed. The second state habeas application, filed on November 28, 2017, was denied without a written order.

1

Smith filed his § 2254 petition on January 15, 2019.[1] (ECF No. 3; *see also* ECF No. 4.) On March 1, 2019, the Court received Smith's motion to file an amended petition, (ECF No. 9), which the Court granted. (ECF No. 10.) Smith then filed his amended petition (ECF No. 11), received on March 4, 2019, in which he argues:

1. The trial court's jury instructions were fundamentally erroneous;

2. The sentence imposed by the trial court was unauthorized;

3. The indictment was incomplete and defective;

4. His right to due process was violated when he did not receive adequate notice of the charges against him;

5. The evidence supporting his conviction was not legally sufficient;

6. His attorney provided ineffective assistance of counsel when he failed to investigate the case;

7. The evidence does not support his conviction, and a lesser-included offense instruction should have been provided to the jury; and

8. There was an error in the jury charge by "allowing a parties charge."

(ECF Nos. 3, 11; *see also* ECF No. 4.)

---

[1] Under the prison "mailbox rule," a prisoner's pleading is deemed to be filed on the date that he submitted his pleading to prison authorities to be mailed. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Smith's petition is signed and dated January 15, 2019. Pet. 12 (ECF No. 3). The Court presumes it was delivered to prison authorities on that date.

On March 26, 2019, Respondent filed an answer arguing that Smith's petition is barred by the statute of limitations. Respondent further argues that Smith's two state habeas applications did not toll the limitations period, and Smith is not entitled to equitable tolling.

II.

**A.   Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[2]

---

[2] The statute provides that the limitations period shall run from the latest of--

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The state court entered judgment in Smith's case on July 9, 2014. He appealed his conviction, and it was affirmed on June 28, 2016. Because he did not file a petition for discretionary review, his judgment became final when his time for filing a petition for discretionary review expired on July 28, 2016. *See* Tex. Crim. Proc. art. 44.45(b)(2) (allowing 30 days to file a petition for discretionary review with the Texas Court of Criminal Appeals); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (a state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when the mandate issues); *Broussard v. Thaler*, 414 F. App'x 686, 687 (5th Cir. 2011) (where the petitioner filed a direct appeal, the limitations began to run on the last day he could have filed a petition for writ of certiorari in the United States Supreme Court). Smith then had one year, until July 28, 2017, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). But Smith did not file his petition in this Court until January 15, 2019. And he did not file his amended petition until February 24, 2019.[3] Smith's petition and amended petition are therefore untimely.

Smith filed two state habeas applications, which generally toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2));

---

28 U.S.C. § 2244(d)(1).
[3] While received by the Court on March 4, 2019, Smith signed and dated his amended petition February 24, 2019. The Court presumes Smith delivered it to prison authorities on the same date and, under the prison "mailbox rule," deems it to have been filed on that date. *Houston*, 487 U.S. at 276.

*Broussard*, 414 F. App'x at 687-88 ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'") (quoting 28 U.S.C. § 2244(d)(2)). In this case, however, Smith's state habeas applications did not toll the limitations period. Smith filed his first state habeas application on August 17, 2016, prior to the mandate's issuance on September 7, 2016. The first state habeas application was therefore not "properly filed," and it did not toll the limitations period. *See Larry v. Dretke*, 361 F3d 890, 898 (5th Cir. 2004) (when a state habeas application is filed before the mandate issues, it is non-compliant, "not properly filed," and the statute of limitations is not tolled); *see also Montoya v. Director*, 2021 WL 1009335, at *2 (N.D. Tex. Feb. 19, 2021) (discussing and quoting *Larry*, 361 F.3d at 894).

Smith filed his second state habeas application on November 28, 2017, and it was denied without a written order. Because Smith filed his second state habeas application after the limitations period had expired, it did not toll the limitations period. *Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott*, 227 F.3d at 263) (holding that

state habeas applications filed after the expiration of the limitations period do not toll the limitations period)).

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Smith's § 2254 petition and amended petition include the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you *must* explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 11 (ECF No. 3) (emphasis added); Am. Pet. 10 (ECF No. 11) (emphasis added). Smith failed to provide any explanation regarding limitations in either petition. Pet. 11 (ECF No. 3); Am. Pet. 10 (ECF No. 11). Rather, when given an opportunity

6

to explain why his petition and amended petition were not barred by the one-year statute of limitations, he failed to make any response. Smith therefore fails to meet his burden of demonstrating that he is entitled to equitable tolling. *See Phillips, 216 F.3d at 511*.

**C.     Actual Innocence**

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[4] *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* Smith does not argue that he is actually innocent. Likewise, he fails to come forward with new evidence or an argument demonstrating that "no reasonable juror would have convicted him." *Id.*

### III.

The Court should DISMISS Smith's petition for a writ of habeas corpus, as amended, with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

Signed December 6, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[4] *House v. Bell,* 547 U.S. 518 (2006); *Schlup v. Delo,* 513 U.S. 298 (1995).

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).